UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Heriberto Eduardo Marron, | ) | C/A No. 5:15-cv-04672-PMD-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden, FCI-Edgefield, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 was transferred to this court from the United States District Court for the District of Columbia, where it was originally filed pro se by a federal prison inmate currently incarcerated at a federal prison in this District. ECF No. 2. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e), 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.      Factual and Procedural Background

Heriberto Eduardo Marron ("Petitioner") is currently incarcerated at FCI-Edgefield in Edgefield, South Carolina. Petitioner is serving a sentence entered on July 3, 1996 by the United States District Court for the Southern District of California. ECF Nos. 1 at 2; 1-2 at 1. This § 2241 Petitioner cites to his federal sentence as the "decision" that he is challenging, ECF No. 1-2 at 2, explicitly stating that he is not challenging the validity of his federal conviction or sentence, but that he is challenging the manner of execution of his sentence. *Id*. at 5. Petitioner claims he is being denied equal protection of the laws because the Federal Bureau of Prisons ("BOP") has classified him as an illegal alien, which, under applicable BOP regulations, prevents him from

serving the final 10% of his sentence "in an appropriate community corrections center or other rehabilitative placement." *Id*. at 2. Nowhere in Petitioner's pleadings does he indicate he has attempted to pursue the BOP's administrative remedy process to bring his current contentions before the BOP for resolution before submitting this § 2241 Petition. In fact, Petitioner specifically acknowledges that he did not utilize the BOP administrative remedy process and asserts that the "[d]ecision is not appealable and can only be addressed via habeas corpus or the sentencing court." ECF No. 1-2 at 3. He does not assert that exhaustion of the BOP remedies would be futile, nor does he cite to any legal authority for his assertion that the decision he is challenging is "not appealable." Petitioner asks this court to reduce his current sentence by "6-12 months" to compensate him for being unable to participate in the BOP's community confinement program. *Id*. at 8.[1]

II.      Standard of Review

Under established local procedure in this judicial district, a careful review was made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

---

[1] Petitioner refers to the "Second Chance Act," 18 U.S.C. § 3624 (2008), and asks for re-sentencing thereunder, ECF No. 1-2 at 8; however, this and other federal courts have held that they do not have authority to re-sentence federal prisoners under that Act. *See, e.g.*, *United States v. Squire*, No. 3:09-cr-502-JFA, 2012 WL 3848364, at *1 (D.S.C. Sept. 5, 2012); *United States v. Peeples*, No. 3:10-580-CMC, 2011 WL 743103, at *1 (D.S.C. Feb. 24, 2011); *McCarthy v. United States*, Nos. 8:09-cr-395-T-33AEP, 8:10-cv-1905-T-33AEP, 2010 WL 5162025, at *10 (M.D. Fla. Dec.14, 2010); *Stanko v. Rios*, No. 08-4991(JNE/JJG), 2009 WL 1303969, at *5 (D. Minn. May 8, 2009); *United States v. Rhodes*, No. 1:07CR612, 2008 WL 4657069, at *1 (N.D. Ohio Oct. 21, 2008).

This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, it is recommended that this Petition be summarily dismissed.

III.    Discussion

Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts consistently require federal prisoners challenging the execution of their sentences to exhaust administrative remedies before seeking review in federal court pursuant to § 2241. *See United States v. Vance*, 563 F. App'x 277, 278 (4th Cir. 2014); *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004). Failure to exhaust available remedies before filing a petition for writ of habeas corpus may be excused only upon a showing of cause and prejudice. *McClung*, 90 F. App'x at 445. Moreover, this court and other federal courts recently addressing similar

challenges to the BOP's denial of community-placement options have held that the petitioners were required to exhaust their BOP remedies before filing habeas-corpus petitions. *See, e.g.*, *Aldaco v. Nash*, No. A-15-CV-793-LY, 2016 WL 407322, at \*3 (W.D. Tex. Feb. 2, 2016); *Mora-Mora v. Atkinson*, No. 5:14-HC-2221-FL, 2015 WL 6449147, at \*1 (E.D.N.C. Oct. 23, 2015); *Greene v. Cruz*, No. 2:13-104-TMC-BHH, 2013 WL 968223, at \*2 (Feb. 13, 2013), *adopted*, 2013 WL 978238 (D.S.C. Mar. 12, 2013). Exhaustion of administrative remedies allows prison officials to develop a factual record and an opportunity to correct their own errors before having to appear in a court to defend their decisions. *See Jones v. Bock*, 549 U.S. 199, 204 (2007). Had Petitioner exhausted his BOP remedies, upper-level officials of the BOP would have been given an opportunity to correct any problems with the institutional classification or calculation of Petitioner's sentence. However, without first presenting his claim to the Regional Director or the General Counsel, Petitioner attempts to short-cut the required process and this cannot be allowed under the circumstances presented here.

IV.    Recommendation

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*.

IT IS SO RECOMMENDED.

March 9, 2016                                          Kaymani D. West
Florence, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).